CITED *in State, Swanton, pros., v. Pierson,* 8 *Vr.* 364.

---

THE STATE, C. K. HALL, PROSECUTOR, v. LEWIS PARKER, JR., RECEIVER OF TAXES IN TRENTON.

The authorities of the city of Trenton, in 1866, assessed against the prosecutor a poll tax of five dollars. The prosecutor showed that he came within the provisions of the act of April 5th, 1856. *Held, First,* that the act of said 5th of April, 1866, was not unconstitutional as impairing the obligation of contracts; and *secondly,* that it was not repealed by the thirty-second section of the act of the 11th April, 1866.

*Certiorari.* In matter of taxation.

For prosecutor, *C. K. Hall.*

Contra, *G. D. W. Vroom.*

The opinion of the court was delivered by

VREDENBURGH, J. On the 5th of February, 1865, the authorities of the city of Trenton passed an ordinance to borrow three hundred thousand dollars to pay for volunteers and substitutes, and issued their bonds for the same, and that the principal and interest of said bonds should be raised

by taxation, and they pledged, by said ordinance, the faith of the city for the payment of principal and interest. They also ordered by said ordinance that a tax of five dollars be assessed every year against every male inhabitant of said city to be applied towards the payment of the accruing interest. The legislature, by an act approved the 23d of February, 1865, (*Pamph. L.* 112,) legalized the said debt and liabilities to the amount of five hundred and ninety-two thousand dollars, and gave authority to the city to provide for the payment of the principal and interest of said bonds by taxation, at the time and in the manner the other taxes in said city are assessed and collected. Afterwards, to wit, on the 5th of April, 1866, (*Pamph. L.* 971,) the legislature enacted that thereafter no assessment of a poll tax for the purpose of raising in any county, city, or township, money for the payment of any soldier's bounty granted during the continuance of the late war, should be made against any citizen of New Jersey who had been in the service of the United States for nine months, during said war, and been honorably discharged, and all laws conflicting therewith were thereby repealed. The city authorities afterwards, in 1866, assessed this five dollar poll tax against the prosecutor, who has proved himself within the terms of said act of the 5th of April, 1866, and who brings this *certiorari* to test the question.

It is objected by the city, *First*—that this act of April 5th, 1866, is a violation of the constitution, as impairing the obligation of contracts. *Secondly*—the city contends that the said act of the 5th of April, 1866, was repealed by the act passed the same session, approved the 11th April, 1866. *Pamph L.* 1091.

*First.* How does this act of the 5th of April, 1866, impair the obligation of any contract? The contract between the city and the bondholders is, that the city will pay the bonds and interest as they respectively become due. This poll tax is in no way especially pledged, either by the ordinance or said act of 1865. There is no privity between

the bondholders and the ordinance or law of 1865. The provisions of the ordinance and the law of 1865, is an arrangement not between the bondholders and the city, but between the corporate authorities of the city and the taxpayers. If the bonds are not paid the holders collect them in the same way as they do other indebtedness of the city. The inhabitants of the city are no further pledged to pay these bonds than they are to pay any other debt. They have provided, by ordinance, a certain way to pay this particular debt, but they have not contracted that they will pay in no other mode than the one they have now provided, or that they will not alter or change the objects or mode of taxation.

The state owes bonds, and has provided a certain system and objects of taxation. Cannot they change these without impairing the obligation of their contract? By the bonds the city agrees to pay them. If they pay they will have performed their contract. The act of 5th April, 1866, does not touch the contract between the parties. It does not even take away from the city any of the means of payment. It still leaves all the property of the inhabitants liable to be taken by taxation to pay these bonds. But the answer to the whole question is, that the bondholders have nothing to do by force of the contract with the sources from which the city is to procure the funds to pay with. As to that they stand in the same relation to their creditors as any other debtor. I cannot see that the act of the 5th April, 1866, impairs the obligation of any contract.

But it is next said that the act of the 5th of April, 1866, was repealed by the act passed on the 11th April, 1866. It would be a little singular that the legislature, having passed the act of the 5th April, should, six days afterward, repeal it. This act of the 11th April does not, in terms, repeal the act of the 5th of April. But it is said that its thirty-second section does so by necessary implication. This thirty-second section provides that all acts or parts of acts, whether special

or local, or otherwise inconsistent with the provisions of this act, be and the same are hereby repealed.

This repealing clause, standing alone, might perhaps repeal the act of the 5th of April, 1866. But this thirty-second section, after the clause we have copied above, goes on and excepts from said general repealing clause, such special and local acts as shall have been approved since the year 1862. Now this act of the 5th of April, 1866, is a special one, and is approved since the year 1862, and so the act of the 5th April, 1866, remains in force. The tax, therefore, against the prosecutor is expressly prohibited by law, and must consequently be set aside.

CITED *in State, Gorum, pros.,* v. *Mills,* 5 *Vr.* 181.